IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL D. JACKSON,**

    **Petitioner,**

v.

    Civ. No. 2:15-cv-1122
    Crim. No. 2:09-cr-00021
    **Judge Marbley**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

This is an action under 28 U.S.C. § 2255 in which Petitioner challenges his 2009 conviction, pursuant to the terms of a plea agreement, on a charge of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B). Petitioner was sentenced as a career offender to 150 months' imprisonment. *Amended Judgment* (ECF No. 113). On April 25, 2016, the trial judge, who is now retired, dismissed Petitioner's *Motion to Vacate under 28 U.S.C. 2255* (ECF No. 115) ("*Motion to Vacate*"). *Opinion and Order* (ECF No. 128). This matter is now before the Court on Petitioner's *Motion to Alter or Amend a Judgment* (ECF No. 129) ("*Motion to Alter or Amend*").

The *Motion to Vacate* claims that Petitioner was denied the effective assistance of counsel because his attorney failed to request a continuance of the sentencing hearing until after the passage of the Fair Sentencing Act (claim one), and that his two state court drug convictions do not qualify as predicate offenses for his designation as a career offender under *Descamps v. United States*, -- U.S. --, 133 S.Ct. 2276 (2013) (claim two). It is the trial judge's disposition of claim two that Petitioner addresses in the *Motion to Alter or Amend.*

1

"Motions to alter or amend judgment [pursuant to Rule 59(e) of the Federal Rules of Civil Procedure] may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Intern.Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). However, "Rule 59(e) . . . does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

In dismissing claim two, the trial judge concluded that Petitioner had waived the claim by failing to raise it on direct appeal, that alleged errors relating to the application of the Sentencing Guidelines are not ordinarily cognizable under § 2255, and that the claim was in any event without merit. *Opinion and Order*, PageID# 547. Petitioner's *Motion to Alter or Amend* merely re-litigates Petitioner's prior arguments regarding the application and effect of *Descamps* on his sentence and his pursuit of claim two in this action; Petitioner has not demonstrated that the trial judge made a clear error of law or fact in his consideration of that claim.

Accordingly, Petitioner's *Motion to Alter or Amend a Judgment* (ECF No. 129), is **DENIED**.

/s/ ALGENON L. MARBLEY
Algenon L. Marbley
United States District Judge